AO 91 (Rev. 5/85) Criminal Complaint

This form was electronically produced via OmniForm

# United States District Court

**FILED**
MAR 2 5 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

V.

Jerry Van Le
1108 Mullinger Lane
Lincoln, California

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: 2:09-mj-0096

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **July 2008 to February 2009** in **PLACER** county, in the **EASTERN** District of **CALIFORNIA**, defendant(s) did, (Track Statutory Language of Offense) **commit Wire Fraud in violation of Title 18 USC, Section 1343, Bank Fraud in violation of Title 18, Section 1344; and Fraud Relating to Computers, in violation of Title 18 USC, Section 1030. See also the Affidavit for Search Warrant and Criminal Complaint, attached hereto, and incorporated by reference, all**

in violation of Title **18**, United States Code, Section(s) **Sections 1343 (wire fraud) 1344 (bank fraud) and 1030 (computer fraud)**.

I further state that I am a(n) **Special Agent, U.S. Secret Service** and that this complaint is based on the following facts:
Official Title

**see Affadavit for Search Warrant and Criminal Complaint, attached hereto, and incorporated by reference.**

Continued on the attached Sheet and made a part hereof: ☒ Yes ☐ No

_____
Senior Special Agent Brian J. Korbs, United States Secret Service
Signature of Complainant

Sworn before me and subscribed in my presence,

March 25, 2009                    at    Sacramento, California
Date                                     City and State

EDMUND F. BRENNAN, United States Magistrate Judge    _____
Name and Title of Judicial Officer                    Signature of Judicial Officer

AFFIDAVIT FOR SEARCH WARRANT AND CRIMINAL COMPLAINT

I, Brian Korbs, a Senior Special Agent of the United States Secret Service, being duly sworn, depose and state as follows:

Introduction

1. I am a Senior Special Agent ("SSA") of the United States Secret Service ("USSS") and have been so employed since 1984. I am currently assigned to the Sacramento Resident Office. As part of my duties, I investigate offenses involving various financial crimes to include those that involve the counterfeiting of currency, false identification, bank fraud, computer fraud, and access device fraud. In that capacity, I have received training and have become familiar with the investigation and prosecution of these types of crimes including the use of various criminal methods used to perpetrate these frauds.

2. I have also received training through the U.S. Secret Service's Electronic Crimes Special Agent Program ("ECSAP"), and I am trained and qualified to conduct forensic examinations of computers and other forms of digital evidence. I have conducted over 150 computer examinations in my career and have testified to the results of these examinations in federal court.

3. I am familiar with the information contained in this affidavit based on: (i) direct knowledge of each of the following facts or upon information provided to me by other law enforcement officers; (ii) interviews conducted with various individuals; and (iii) information received from third parties, such as bank investigators and victims.

4. I make this affidavit in support of the issuance of a criminal complaint and arrest warrant against Jerry Van Le ("Le"), an Asian male, DOB: March 22, 1979, for violations of Title 18, United States Code, Sections 1343 (Wire Fraud); 1344 (Bank Fraud) and section 1030 (Fraud Relating to Computers).

5. I am also submitting this affidavit in support of a search warrant authorizing a forensic search of computers and computer devices previously seized from Le by law enforcement specifically: 1) A Dell desktop computer; 2) A Dell laptop computer; 3) A MacBook Air laptop computer; 4) A MacBook Pro laptop computer; and 5) A MacBook Air SuperDrive. These items are more specifically described in Attachment A of this affidavit.

6. These computer devices, which are currently stored at the Secret Service office in Sacramento, identified above are more fully described in Attachment A to this Search Warrant, which is attached hereto and incorporated by reference.

7. There is probable cause to believe, and I do believe, that the fruits and instrumentalities relating to violations of Title 18, United States Code, Sections 1343 (Wire Fraud); 1344 (Bank Fraud) and section 1030 (Fraud and related activity in

1

connection with computers) will be found contained within these computer devices, as set forth in Attachment B, attached hereto and incorporated by reference. Specifically, as explained in detail below, in furtherance of the alleged scheme, computers have been used by Le to transmit stolen social security number to co-conspirators and to direct the creation of fraudulent lines of credit that Le and his co-conspirators then used to commit various fraud offenses. Furthermore, in my experience and training, I have learned that computers are often used by those who commit fraud to store information and can contain evidence, including notes, memoranda, emails, and other items which are direct and circumstantial evidence of the crime.

8. This affidavit is based upon my personal observations, review of evidence obtained, and training and experience as a law enforcement agent, as well as my communications with other law enforcement personnel, including Secret Service agents assisting in the investigation. Specifically, I have relied on information provided to me by Detective James Hudson of the Placer County Sheriff's Department. Additional information has been provided by victim financial institutions and credit reporting agencies affected by the fraud alleged in this affidavit.

9. I have not included in this affidavit all of the information in my possession relating to the computer items to be searched and the crimes described herein. Rather, I have set forth in this affidavit only such facts as I have deemed necessary to establish probable cause to search the computer items described in "Attachment A" and to describe the probable cause necessary to obtain an arrest warrant for Jerry Van Le.

Overview of the Investigation

The Fraud Scheme

10. An investigation initiated by the Placer County Sheriff's Department has revealed an identity theft scheme perpetrated by Jerry Van Le, a resident of Lincoln, California.

11. The investigation has revealed that Le obtained social security numbers not yet used by the credit reporting agencies to establish fictitious credit profiles and obtain credit. To date, investigation has determined that Le has obtained loans for his residence, approximately 5 vehicles, numerous credit card accounts, consumer loans, etc. Several of the fraudulently obtained vehicles have been recovered by the Placer County Sheriff's Department at the request of the victim lenders.

12. Le has also devised a scheme in which he obtains stored value gift cards through fraudulent loans and converts these gift cards to cash using a credit card merchant account and point of sale terminal he controls.

13. I also believe that Le has been involved in the fraudulent purchase of merchandise to include computers and electronics

2

that he has ordered and had shipped to his residence in
Lincoln, CA.

14. Investigation has also determined that Le was conspiring
with one or more employees at a former business called Highway
Furniture / New York Funding Group Inc.("Highway Furniture/NY
Funding") located in Hempstead, NY, in order to create
fictitious or altered credit profiles. Experian Credit Bureau
fraud investigators have indicated that Highway Furniture/NY
Funding has been a suspect in creating fraudulent credit
profiles. Emails between a suspect employee of Highway
Furniture/NY Funding and Jerry Le have been recovered in which
they discuss specific details related to manipulating specific
credit profiles.

## The Investigation

15. On February 19, 2009, Detective James Hudson received a
report from the Sacramento County Sheriff's Department that a
Sacramento citizen's (Craig S.) identity had been stolen and
used to open a $9,500 line of credit from Swift Financial
Services. Through investigation, Detective Hudson determined
that the loan had been fraudulently applied for by suspect
Jerry Van Le, using a business name of Van Le Investments, and
Le's residential address of 1108 Mullinger Lane in Lincoln, CA.
(Note: I have purposely referred to potential victims in this
affidavit by first name and last initial only).

16. On February 19, 2009, Detective Hudson made contact with Le
at Le's residence in Lincoln, CA. Le made some admissions to
Detective Hudson regarding obtaining some of the fraudulent
loans uncovered by Detective Hudson. Hudson also noted that
Le's voice sounded the same as a voice recording obtained by
one of the victim financial institutions in which Le apparently
impersonated an identity theft victim.

17. Detective Hudson arrested Jerry Le at this time for State
violations of identity theft, under California Penal Code
Section 530.5.

18. Parked in the driveway of Jerry Le's residence was a new
Mercedes Benz SUV, CA license 6FCZ953. Subsequent
investigation determined that this vehicle had been obtained
via a fraud loan in the name of "Karl D." The lending company,
DCFS USA, also advised that they had information that a BMW had
also been recently financed through another company using the
stolen identity of "Karl D".

19. On February 19, 2009, Placer County Detectives returned to
Jerry Le's residence at 1108 Mullinger Lane, in Lincoln, CA,
and executed a State issued search warrant.

20. Found and seized during the search were the following
items, in summary:

- The computers and computer devices described in Attachment A of
  this affidavit, specifically a Dell desktop computer, a Dell

3

laptop computer, a MacBook Air laptop computer, a MacBook Pro laptop computer and a MacBook Air SuperDrive.

- Boxes containing merchandise (computers, electronics, etc.) with shipping labels in various names, to include identity theft victim "Karl D.," but using Jerry Le's Mullinger Lane address.

- High dollar shoes and other clothing still in original boxes and packaging.

- Numerous cellphones.

- A credit/debit card point of sale (POS) terminal and evidence of a related Wells Fargo merchant account including transaction receipts dating from the previous 5 months.

- A counterfeit California driver's license bearing the photograph and name of Jerry Le but bearing a fictitious number and date of birth. This counterfeit driver's license is of high quality and was found in Jerry Le's wallet.

- Numerous printed emails sent between suspect Jerry Le and a suspect believed to be employed by Highway Furniture/NY Funding which lists credit profiles that appear to have been fraudulently altered through Highway Furniture/NY Funding in Hempstead, NY.

    21. Present during the search warrant was Jerry Le's girlfriend, Melanie Mangahas. Mangahas told the Detectives that the house was in her name even though she was a full time student and had no income. She stated that the house loan was arranged by Jerry Le and he paid all the bills.

    22. Additional investigations have revealed Le provided fraudulent information for his own use (or for the benefit of others where indictaed) in order to obtain lines of credit and merchandise from the following victim financial institutions:

- Heritage Community Credit Union. A Mercedes Benz (MBZ) automobile was financed in the name of "Karl D." This vehicle, purchased at a Mercedes dealership in Sacramento, was repossessed at the airport in San Diego.

- DCFS USA LLC. Mercedes Benz Financing approved a loan in the amount of $87,278.87 for the purchase of a 2007 MBZ ML3 SUV also in the name "Karl D." This vehicle was recovered by the Placer County Sheriff's Department at the request of the lender.

- BMW USA Financing. A 2005 BMW 645ci was purchased and financed in September 2008 also in the name of "Karl D." This vehicle was also recovered by the Placer County Sheriff's Department at the request of the lender.

- Toyota Financing. A loan in the amount of $20,000 was approved for the purchase of a 2008 Toyota Tundra truck in the name of "Karl D." The vehicle was surrendered to the Placer County Sheriff's Department by Jerry Le's father, Chi Le, of Stockton, CA.

- Schools Financial Credit Union. A 2003 BMW was financed in July 2008 in the name of Jerry Le's girlfriend Melanie Mangahas. Schools Financial CU determined that the loan was based in part on fictitious information. Specifically, fictitious payroll records were submitted to Schools in the name of Mangahas. Mangahas has since surrendered this vehicle to the Placer County Sheriff's Department.

- U.S. Bank. An online account was opened in the name of "Karl D." As this account was just opened, there was minimal activity and a $50 loss.

- Verizon Wireless. An account was opened in the name of "Karl D" for a BlackBerry phone using telephone number 916-508-xxxx. An additional account in the name of "Thomas J." appears to have been opened as well. The fraud loss to date is about $144.48.

- Citi Financial. An account was opened in the name "Karl D." using Le's Mullinger address. To date, $2,454.50 in merchandise has been charged to this account.

- Discover Card. Two suspected fraud accounts have been opened in the names "Karl D." and "Thomas J." respectively, each using Le's Mullinger address. The loss between these two accounts is approximately $5,000.00.

- Macy's. An account in the name of "Thomas J." using the Mullinger address has been opened. The fraud loss on this account is about $396.11 to date.

- Bloomingdales. An account in the name of "Thomas J." using Le's Mullinger address has been opened. The fraud loss on this account is about $827.09 to date.

- Bank of America. A line of credit was opened in the name of "Thomas J." using the Mullinger address. To date, the fraud loss on this account is about $7,321.06.

- Capital One. At least 20 suspected fraud credit accounts are believed to have been opened by Le using the Mullinger address and Le's former business address. These accounts are in the names "Thomas J.," "Joseph J.," "Miguel U.," "Perry L." and others. Fraud losses regarding these and other potential fraud accounts opened at Capital One are being obtained. It appears at this time that there are at least 92 fraud accounts from Capital One linked directly to Le.

- AT&T. A telephone account was established in the name of "Thomas J." using the Mullinger address. The telephone number assigned

5

to this account was 916-412-XXXX, account number 67033XXXX. AT&T closed this account for non-payment and suffered a fraud loss of about $171.30.

23. Based on the investigation to date, it appears that Le has been creating fictitious credit profiles for other individuals by submitting false credit information to the credit bureaus and establishing credit profiles on previously unreported social security numbers. It is believed that Le acquired the social security numbers while he was working as a mortgage broker and had access to credit histories. Le set up the fictitious credit profiles in part with help from employees of Highway Furniture/NY Funding in Hempstead, NY. As a subscriber to credit bureau information , it is believed that employees of Highway Furniture/NY Funding made false entries to the credit bureaus in order to create favorable but fictitious credit profiles at the direction of Le.

24. Based on emails recovered from the search of Jerry Le's residence and other investigations, detectives determined that a specific person, a former employee of Highway Furniture was working with Le to create and/or alter credit reports. As previously described, four emails sent from Jerry Le to this person, all dated August 2008, were recovered from the search of Le's residence. Each of these emails has a name, social security number, date of birth, address and what appears to be requested credit history modifications such as lines of credit, amounts and length of time. An example of one of the entries is as follows:

    - Thomas J.
      SSN#-xxx-xx-1709
      DOB-07/06/1977
      4736 Storrow Way
      Sacramento, CA  95842
      3 Highways w/ 100K History 6 Years

25. There appears to be approximately 40 of these "profiles." Most of the home addresses used in these fictitious credit profiles are located in the Northern California area and within the Eastern District of California.

26. Also recovered during the search warrant were receipts indicating that payments were made by Jerry Le to Highway Furniture/NY Funding in the amounts of $10,000.00; $5,000.00 and $1,000.00. It is believed that these payments were made to Highway Furniture/NY Funding for using its access to the credit reporting bureaus to create fictitious credit profiles on behalf of Le.

27. On February 27, 2009, Detective Hudson contacted fraud investigators from Experian credit reporting agency. Experian advised that they were very familiar with Highway Furniture/NY Funding due to suspected fraud in connection with their Experian account. Experian had recently terminated Highway Furniture/NY Funding credit reporting abilities based on suspected fraud.

6

28. As previously described, the search of Le's Lincoln, California residence also revealed that Jerry Le had a credit/debit card point of sale (POS) terminal and a credit/debit card merchant account. This merchant account was maintained by Wells Fargo Bank. Detective Hudson was able to determine from Wells Fargo that from July 2008 until January 2009, approximately 276 credit and debit cards were processed through this merchant account representing 306 transactions for a total potential fraud loss of about $201,574.60. Most of these credit/debit cards are believed to have been either accounts obtained by Le based on false credit or via stored value cards (gift cards) purchased by Le with falsely obtained credit/debit cards.

29. Numerous individuals who have paid Le for fraudulent credit information have been contacted and interviewed. These individuals have told law enforcement that Le provided them with false means of identification that allowed them to secure multiple lines of credit. These means of identification generally included fraudulently acquired social security number. In exchange for the fraudulent information, these individuals told Le that they paid Le between $3,500 and $6,000

Seizure of Electronic Evidence

30. Based in part on my experience as a computer forensic examiner, I know that:

31. Computer hardware, software, documentation, passwords, and data security devices may be important to a criminal investigation in two distinct respects: (1) the items themselves may be instrumentalities, fruits, and/or evidence of crime; and/or (2) the items may have been used to collect and store information about crimes (in the form of electronic data). Thus, Rule 41 of the Federal Rules of Criminal Procedure permits the government to search and seize computer hardware, software, documentation, passwords, and data security devices which are: (1) instrumentalities, fruits and/or evidence of crime; and/or (2) storage devices for information about crimes.

32. Based on my further knowledge, training, and experience, I know that searching and seizing information from computers often requires agents to seize most or all electronic storage devices (along with related peripherals) to be searched later by a qualified computer expert in a laboratory or other controlled environment. This is true because of the following:

33. The volume of evidence: Computer storage devices can store the equivalent of thousands of pages of information. Additionally, a suspect may try to conceal criminal evidence; he or she might store it in random order with deceptive file names. This may require searching authorities to examine all the stored data to determine which particular files are evidence or instrumentalities of crime. This sorting process

7

can take weeks or months, depending on the volume of data stored, and often it would be impractical to attempt this kind of data search on site.

34. Attempted deletion of electronic records and information: Electronic records and information can remain on computer storage media, such as computer hard drives, for an indefinite period of time. Even when a computer user attempts to delete records and information from a computer storage medium, the records and information may still exist and can be recovered through computer forensic techniques. These computer forensic techniques can be time-consuming, and often it would be impractical to do them on site.

35. Technical Requirements: Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. For example, on site and laboratory analysis by a qualified computer specialist is often required in order to properly retrieve and analyze electronically stored (computer) data, document and authenticate the data, and prevent the loss of the data either from accidental or deliberate programmed destruction. In many cases, the evidentiary data can be backed up to government owned computer data storage devices at the site of the search. However, there are circumstances that may necessitate the seizure and removal of the entire computer system and peripheral devices to a secure laboratory setting in order to analyze and extract the evidence. To effect accurate and complete analysis may require seizure of all computer equipment and peripherals which may be interdependent, the software to operate the computer system, data security devices (including passwords) and related instruction manuals which contain directions concerning the operation of the computer system and software programs. This is true because the peripheral devices which allow users to enter or retrieve data from the storage devices vary widely in their compatibility with other hardware and software. Many system storage devices require particular input/output devices in order to read the data on the system. It is important that the computer expert be able to properly re-configure the system as it now operates in order to accurately retrieve the evidence. In addition, the computer expert needs the relevant system software (operating systems, interfaces, and hardware drivers) and any applications software which may have been used to create the data (whether stored on hard drives or on external media), as well as all related instruction manuals or other documentation and data security devices.

36. Based on the above facts and circumstances and information, permission is requested to search all above-described computer systems and peripherals found at the search locations, and to search those items as set forth in Attachment B.

37. Note on the duplication of computer storage media. The agents will initiate the search by making a duplicate, or "image," copy of the computers, hard drives, and digital storage

8

devices found on the premises. The agents will then use the
duplicate image copies to search for the items listed above.

38. Note on hidden and encrypted data. Law enforcement
personnel will search for and attempt to recover "deleted,"
"hidden," or encrypted data to determine whether the data falls
within the list of items to be seized, as set forth herein.

39. Computers to be returned. If the computers found are not
needed for evidentiary purposes, they will be returned within 60
days of the date the warrant is signed.

Conclusion

40. Based upon the facts set forth in this Affidavit, and my
experience investigating these types of crimes, there is
probable cause to believe, and I do believe, that Jerry Van Le
has committed violations of Title 18, United States Code, 1343
(Wire Fraud); 1344 (Bank Fraud) and section 1030 (Fraud and
related activity in connection with computers). Accordingly, I
request that an arrest warrant be issued for the foregoing
criminal violations.

41. Based upon the facts set forth in this Affidavit, and my
experience investigating these types of crimes, there is
probable cause to believe, and I do believe, that there the
fruits and instrumentalities and evidence of violations listed
above will be found in the following computer devices: 1) A Dell
desktop computer; 2) A Dell laptop computer; 3) A MacBook Air
laptop computer; 4) A MacBook Pro laptop computer; and 5) A
MacBook Air SuperDrive. These items are more specifically
described in Attachment A of this affidavit.

///

///

///

///

///

///

///

///

///

///

///

///

42. I therefore request that the Court authorize the execution of a search warrant to conduct a forensic search of the computer devices described above and in Attachment A, for the items identified in Attachment B.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

BRIAN J. KORBS
Senior Special Agent
United States Secret Service

Sworn to before me this
25th day of March, 2009

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF CALIFORNIA

Approved as to Form:

Kyle Reardon
Assistant United States Attorney
Eastern District of California